**Cite as:  Opinion No. 94-001 (January 5, 1993) (unpublished)**


PUBLIC OFFICERS AND EMPLOYEES ) "OFFICE OF PROFIT" )
INCOMPATIBLE POSITIONS ) ANNAPOLIS ALDERMAN AND ANNE
ARUNDEL COUNTY FINANCIAL OFFICER


January 5, 1994


*The Honorable Alfred A. Hopkins*
*Mayor of Annapolis*


You have requested our opinion whether Maryland law precludes an individual from simultaneously holding the positions of Alderman for the City of Annapolis and County Financial Officer for Anne Arundel County.  Alternatively, you ask whether an individual may simultaneously may hold the position of Alderman for the City of Annapolis and perform the powers and duties of the County Financial Officer.  The latter question implies that the individual would be able to reach an arrangement with Anne Arundel County under which the individual would perform some or all of the powers and duties of the office but not actually hold the office.

For the reasons stated below, we conclude that Maryland law precludes the holding the two positions simultaneously.  Although an arrangement under which the Alderman would perform the duties of the Financial Officer without holding the office raises a serious legal issue, we decline to offer an opinion on the matter at this time.


# I

## Dual Offices of Profit

In a recent opinion letter, County Attorney Judson P. Garrett, Jr. addressed the first of the two questions that you posed in your opinion request.  In his opinion, a copy of which is attached, Mr. Garrett concluded that the position of Alderman for the City of Annapolis is an "office of profit," within the meaning of Article 35 of the Maryland Declaration of Rights; that the position of Financial Officer of Anne Arundel County is also an "office of profit"; and that, therefore, if an Alderman were to become County Financial Officer, the individual will have vacated the office of Alderman by operation of law.

We have carefully examined the authorities upon which Mr. Garrett relies, and we concur entirely with his analysis and conclusions.


# II

**Incompatibility of Positions**

Your second question presupposes that the individual would hold one office, rather than two. Therefore, the prohibition in Article 35 of the Declaration of Rights would not apply. Even if the Alderman were holding a position with Anne Arundel County that was not a public office, however, the fact that the Alderman would be carrying out the powers and duties of the Financial Officer raises an issue under the common law incompatibility doctrine.

In *Hetrich v. County Commissioners,* 222 Md. 304, 159 A.2d 642 (1960), a member of a board of county commissioners had been appointed by the board to serve simultaneously as county business manager. The Court of Appeals held that the two positions were incompatible and that the commissioner was not eligible for the position of business manager. The Court phrased the test for determining incompatibility as follows:

> The fundamental test of incompatibility at common law is whether there is a present or prospective conflict of interest, as where one office is subordinate to the other or subject to supervision by the other, or where the incumbent in one office has the power to appoint or remove or to set the salary of the other.

222 Md. at 308. The common law incompatibility doctrine applies not only to offices but also to positions. *See* 60 *Opinions of the Attorney General* 121, 133-34 (1975).

The duties of the County Financial Officer are described in detail on pages 2-3 of Mr. Garrett's opinion. These duties include "examining, auditing and approving all payrolls, contracts, purchase orders, bills, demands or charges against the county and determining the regularity, legality and correctness of the same before disbursement, and signing, in person or by designee, all warrants and checks ...." *See* §513 of the Anne Arundel County Charter. One can readily envision a situation in which an individual exercising this authority would be examining and approving a county disbursement to the City of Annapolis ) a county disbursement that the same individual, in the capacity of Alderman, might be called upon to allocate as part of the city's appropriations process. *See generally* Chapter 6.16 of the Code of the City of Annapolis. Under these circumstances, a court might well conclude that the two positions entail a "present or prospective conflict of interest ...." *Hetrich*, 222 Md. at 308. *See also* 74 *Opinions of the Attorney General* 238, 239 (1989).

Nevertheless, we decline to offer an opinion on this matter, because it requires us to assume that county law permits such a transfer of the Financial Officer's powers and duties to some other official. We are not in a position to make that assumption, nor can we appropriately resolve a county law issue of this kind. Moreover, since your question does not go into detail about the arrangement under which the Alderman might perform the duties of the Financial Officer without holding the office, we cannot in any event reach a conclusion about the applicability of the incompatibility doctrine.


J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz
*Chief Counsel*
 *Opinions & Advice*